UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEJUAN CALLENDER,

    Petitioner,

v.

OSCAR AVILES, et al.,

    Respondents

Civil Action No. 15-8579 (JLL)

OPINION

**LINARES**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Dejuan Callender, pursuant to 28 U.S.C. § 2241. (ECF No. 1, 3). The Government has filed a response to the petition (ECF No. 4), to which Petitioner has replied (ECF No. 5). For the reasons set forth below, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Petitioner, Dejuan Callender, is a native and citizen of Barbados who entered this county and became a lawful permanent resident in 1979. (ECF No. 1 at 5). Following several criminal convictions, Petitioner applied for admission when returning to this country from abroad on April 15, 2004. (Document 2 attached to ECF No. 4 at 4). Based on his prior convictions, Petitioner was denied admission at that time and charged with being inadmissible and placed into removal proceedings by immigration officials. (*Id.*). Petitioner thereafter applied for cancellation of removal. (*Id.*). On June 21, 2005, the immigration judge assigned to Petitioner's case denied Petitioner's application for cancellation of removal and ordered Petitioner removed. (*Id.* at 11). Petitioner appealed, and the BIA affirmed the immigration judge's decision on December 28,

1

2006. (Document 2 attached to ECF No. 4 at 2-3). Petitioner was thus subject to a final order of removal as of December 28, 2006.

Petitioner, however, was not taken into custody following the BIA's order, but instead remained at large until July 1, 2015. (ECF No. 1 at 6). On that date, Petitioner was "arrested and detained" by "ICE Fugitive Operations officers . . . pursuant to his final administrative order of removal." (Document 1 attached to ECF No. 4 at 2). On August 10, 2015, Petitioner requested a stay of removal, which was denied by Immigrations and Customs Enforcement on or about September 2, 2015. (*Id.*). Petitioner also requested that the Government join with him in a motion to reopen his order of removal, which the Government refused in January 2016. (*Id.*). During his period of detention, Petitioner has met with representatives of the consulate of Barbados on multiple occasions. (*Id.* at 2-3; ECF No. 1 at 6). Although Petitioner was cooperative during at least some of those meetings, Petitioner refused to speak with consular officials in the most recent meeting, which apparently took place on January 27, 2016. (Document 1 attached to ECF No. 4 at 3; ECF No. 1 at 6). Despite this apparent refusal, counsel for Petitioner informed the Court on March 16, 2016, that "the Barbados Consulate has secured a travel document" for Petitioner. (ECF No. 6). As of the current date, Petitioner has been detained for approximately one year following his arrest by Fugitive Operations officers.

Petitioner filed this habeas petition on or about December 11, 2015. (ECF No. 1). Petitioner also filed a brief in support of his petition on January 14, 2016. (ECF No. 3). Following this Court's order to answer, the Government filed its response on February 1, 2016. (ECF No. 4). Petitioner filed his reply brief on February 3, 2016. (ECF No. 5).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

The parties agree that Petitioner's current detention, to the extent that it is lawful, arises out of 8 U.S.C. § 1231(a) as Petitioner has been subject to a final order of removal since the BIA denied his appeal in December 2006. The lawfulness of Petitioner's detention is therefore controlled by the Supreme Court's decision in *Zadvydas*, 533 U.S. at 701. In *Zadvydas*, the Court observed that § 1231 requires the Government to detain an alien throughout the ninety-day statutory removal period. *Id.* at 683. The *Zadvydas* Court also recognized that removable aliens may be detained beyond the statutory removal period so long as the alien's continued detention is "reasonably necessary" to effectuate the alien's removal. *Id.* at 689, 699. Based on these observations, and in the interest of streamlining the process of reviewing immigration habeas

petitions, the Court in *Zadvydas* held that the detention of an alien for a period of up to six months following a final order of removal is presumptively reasonable under § 1231(a). *Id.* at 701.

Under *Zadvydas*, it is only after this six month period has passed that an alien may challenge his continued detention by showing that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* In order to show that he is entitled to habeas relief from such detention, a petitioner must "'provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' after which the Government 'must respond with evidence sufficient to rebut that showing.'" *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir 2012) (quoting *Zadvydas*, 533 U.S. at 701). "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Id.* at 276-77.

In his habeas petition, Petitioner initially argues that the Government is not entitled to any presumption of reasonableness regarding his post-final order detention because he was not taken into custody until some nine years after his order of removal became final. Petitioner argues that because he was not immediately detained, the presumptively reasonable six month period began to run during his 90-day removal period, and expired in the spring of 2007 when six months had passed from the BIA's denial of his appeal. As such, he argues, his detention was subject to review under *Zadvydas* ab initio, and his detention for a further one year is unreasonable.

While Petitioner is correct that the ninety day statutory removal period began with the denial of his appeal to the BIA in December 2006, and that the statute required immigration officials to take him into custody at that time, *see* 8 U.S.C. § 1231(a)(1)(B), it does not follow from that fact that Petitioner is entitled to release. Initially, this Court notes that Petitioner was taken

4

into custody in July 2015 after he was arrested by ICE's Fugitive Operations officers. The implication of course being that at least part of the reason Petitioner was not previously detained by immigration officials was because Petitioner was a fugitive from those officials. The current state of the record does not make it abundantly clear at what point immigration officials first began seeking to detain Petitioner, nor whether Petitioner prevented his being taken into custody in December 2006 by flight or other means.

To the extent that Petitioner's detention was prevented by his apparent fugitive status, this Court notes that 8 U.S.C. § 1231(a)(1)(C) would be implicated. Under that statute, which the *Zadvydas* Court did not expressly limit or otherwise impugn, the running of the 90 day removal period is essentially tolled where the petitioner "fails or refuses to make timely application in good faith for travel or other documents necessary to [his] departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C); *see also Resil v. Hendricks*, No. 11-2051, 2011 WL 2489930, at *5 (D.N.J. June 21, 2011). Thus, where an alien is himself responsible for the Government's inability to detain and remove him during the removal period, he "cannot demand his release upon expiration of" the six month presumptively reasonable period established in *Zadvydas* as a detainee cannot reasonably argue that there is no significant likelihood of his removal in the reasonably foreseeable future where he himself is the obstacle blocking his removal and he therefore "controls the clock." *Resil*, 2011 WL 2489930 at *5; *see also Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003). Because it is unclear from the record how much of the nine year gap between Petitioner's final order of removal and his arrest and detention by immigration officials was the result of Petitioner's own actions, this Court cannot determine how much of that time would in turn be quasi-tolled by § 1231(a)(1)(C). Even if none of that time were quasi-tolled, however, it does not follow that the failure to take Petitioner into custody for

nine years in and of itself robbed immigration officials of the authority to detain Petitioner for a reasonable period of time. *Cf. Sylvain v. Attorney Gen. of the United States*, 714 F.3d 150, 157-160 (3d Cir. 2013) (holding that the failure to take an alien into custody immediately upon release under 8 U.S.C. § 1226(c) does not rob authorities of the right to detain him even where several years pass between the event triggering the authority to detain him and his being arrested).

Even assuming without deciding that the Government was not entitled to a six-month presumptively reasonable period of detention in Petitioner's case, Petitioner is not entitled to release at this time based on the information currently before the Court because Petitioner has failed to present evidence which would give this Court "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *Alexander*, 495 F. App'x at 276. Here, the Government has indicated that Petitioner has met with the Barbados consulate on multiple occasions, and the Government had every expectation that a travel document would be provided to Petitioner. (Document 1 attached to ECF No. 4 at 1-3). The Government likewise indicates that Petitioner will be removed from this country with all due speed upon the arrival of that travel document. (*Id.* at 3). As Petitioner's own counsel has since informed the Court, the Barbados Consulate has, indeed, provided a travel document for Petitioner.

The facts presented by Petitioner's case therefore show that it is very likely that Petitioner will be removed from the United States in the reasonably foreseeable future. Petitioner provides no evidence other than the length of his detention in support of his contention that he will not soon be removed. The provision of a travel document by Petitioner's home country clearly indicates otherwise. To the extent that Petitioner argues that the Government's failure to acquire a document prior to his arrest indicates that Petitioner's removal is unlikely, that argument ignores both the

fact that Petitioner's cooperation was necessary to acquire a travel document and the fact that a travel document has now been acquired. As Petitioner has been issued a travel document, and as the Government has indicated that he will be removed expeditiously upon delivery of the travel document, the facts of this case establish that Petitioner will very likely be removed in the near future, and Petitioner has therefore failed to show that he is entitled to relief under *Zadvydas*. 533 U.S. at 701; *see also Alexander*, 495 F. App'x at 276. This Court will therefore deny Petitioner's petition for a writ of habeas corpus without prejudice.

### III. CONCLUSION

For the reasons stated above, this Court will deny Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge